The next case today is United States v. Sally Lopez-Martinez, appeal number 171924, and United States v. Sally Lopez-Martinez, appeal number 201814. Attorney Bakkeel, you can proceed with argument. Attorney Klumper, if you could mute your audio and video at this time. Attorney Bakkeel, go ahead. Good morning. I would like to reserve two minutes for rebuttal, if I may. You may. Our courtroom clerk will alert you when there's five minutes left and when there's one minute left. Thank you. May it please the court. This is an argument on two consolidated cases. With respect to the issue of bail, I understand that it largely, if not exclusively, depends on whether this panel believes the appeal presents a substantial question of law or facts likely to result in reversal. So I will concentrate on that and answer any specific questions related to bail, if the court desires. First of all... Attorney Bakkeel, I'm sorry, there is a background, a screeching sound that's coming through. I don't know. Yes, yes. It seems to have gone away. Okay. I thought it was not speaking. Try it, try it. Start again. We'll see if it starts up again. We might pause it just because it is distracting, but we'll see what the problem is. But start again, Attorney Bakkeel. I apologize for that. From the very beginning? Well, you can start. No, we heard. I think we captured it, so you can keep going. All right. So I would like first to address the issue of misjoinder, because the Tali Lopez was misjoined in this appeal, in this indictment, with defendants six through 10 and counts 16 through 25. And the misjoinder prevented the jury from making reliable determinations. I apologize. Let's hold on one second and see if Dan and Jim, if you can work with Attorney Bakkeel for a moment to see if we can't address that screeching issue, because I think we'll be able to pay attention to her argument much better if we can address it. So let's just pause for a minute and see if we can't solve that problem. Thank you, Judge. If IT could confirm that the stream is paused, you may go ahead. We're back on the record. Thank you. So as I was saying, the misjoinder of Tali Lopez with defendants six through 10 and count 16 through 25, in which they, but not she, were involved, prevented the jury from making a reliable determination about guilt or innocence. Rule 8B requires some common activity, finding the objecting defendant with all other indictees, and that common activity encompasses all the charged offenses. That's the circuit's rule in Natanel, which is a very old and well-established case. The misjoinder here contributed to confusion and prejudice. Tali Lopez was not charged with conspiring or committing any offense with defendants six through 10 or counts 16 through 25. The reason that this contributed to prejudice is that in the middle of her trial, there were two mini-trials. Before you get to the prejudice issue, just on the threshold question of whether there's an 8B problem, the district court was of the view that there was an overall conspiracy involving Hernandez, and I take it if that was true and that was charged, then there wouldn't be an 8B problem. So could you just help me understand? Obviously, Hernandez was not a co-defendant, correct? Well, he was charged in the indictment, but soon after the indictment was returned, he entered a plea and cooperation agreement. So I guess I have two questions. One, is the basis for your 8B objection a function of the fact that he himself was not a defendant at trial, or is the basis for the objection that the way the indictment is framed simply precludes a jointer? An 8B requires that the decision be made by looking at the face of the indictment, and the face of the indictment clearly alleges two completely separate conspiracies, both involving Hernandez, but not both involving Sally Lopez. So count 24 was a separate conspiracy and charged as such, and that was 24 and 25. Counts 16 and 17 involved this tawdry scheme to extort a sewer cleaner to get what he was due at the water authority. Sally Lopez had nothing to do with that. So those counts could not have been properly joined. The district court and sometimes the prosecution talked about this indictment as if it alleged a single conspiracy with separate many conspiracies or different aspects, as if it were a drug hierarchical... Just understanding that argument, is the critical piece for that, you tell me, from the face of the indictment is that there's no way to read the indictment as encompassing in the conspiracy charge or any of the conspiracy charges as encompassing the extortionate conduct? Is that the idea? Correct. Or Sally Lopez in the House of Representatives conspiracy? Rule 8B requires, as I said, that the objecting defendant and all the offenses. The indictment on his face simply does not. Well, it is the government's theory of the indictment, as I understand it, is that this is really like a pyramid scheme, that Hernandez stands at the top of the pyramid and all of these other acts described in the from the Puerto Rican government as a result of his use of his influence in a corrupt manner. You're saying that the indictment won't bear that reading? Because that's the way, as I understand, that the district court read the indictment. Judge Salyer, you have exactly identified the lack of congruence between what the indictment says and the defendant's or the prosecution's theory and the judge's understanding. There is no single conspiracy alleged here. What there is a hub with folks, I don't know, maybe, but there is five minutes remaining. Here's my, I guess on this, this is the legal question, and I understand we delayed you some because of the beginning, so we'll make sure that you get your time. But on this point, I guess what I'm a little bit confused by is, suppose that you could have charged Hernandez with an overarching conspiracy that involved these various component pieces, and then the government chooses not to bring that charge against him in this trial. And yet, each of the different actors charged are spokes to the hub of that conspiracy run by Hernandez. Under 8B, is the government allowed to proceed with the conspiracy charges as framed here, and I'm inclined to read the indictment as you do, not to charge the overarching conspiracy. But then to say for efficiency purposes, we'd like to be able to explain the connection between these various actors by referencing the way they related to this missing figure, Hernandez. Is there any authority that suggests you can do that under 8B? I think 8B clearly says not. I think Nathaniel said clearly says not. I think Randazzo clearly says not. Because Sally Lopez is not, has nothing to do, the mini-trial about the extortion of the sewer cleaner has absolutely nothing to do with Sally Lopez. But Ms. Batyal, excuse me one minute. The description of Hernandez is a missing figure, because I understand that Hernandez is the lead defendant charged in the indictment. I mean, the fact that he didn't go to trial, that he pled out, doesn't mean he's a missing defendant for purposes of applying 8B. But that doesn't mean that Sally Lopez was charged with all of the activities that are alleged in the indictment, all of the offenses alleged in the indictment. And in fact, there were some offenses here that, for example, count 16 and 17 could well have been tried at a trial with Hernandez. But there was no reason allowable for Sally Lopez to be tried with those counts. Or the separately charged House of Representatives conspiracy. It may have been very convenient for the government, but it was unfair, unfairly prejudicial for Sally Lopez to have these two mini-trials in the middle and have the prosecution argue at the end. You have to remember these things all go together. It's chronology. There's a whole, one big ball of corruption. On the prejudice, though, which I know you wanted to get to, assuming there was an 8B violation, why wouldn't, since there are two parties to the conduct that your client is charged with participating in, one of whom is Hernandez, why wouldn't the evidence of Hernandez's role in these other activities, which you're saying there's no evidence that your client participated in, why wouldn't the evidence of his participation in those activities at least have been relevant to show his likely conduct with respect to your client for the activities she was charged in? There was no controversy about his conduct, Your Honor. It was about what she understood and agreed to do as a result of his conduct. But I would say the following. If Hernandez were involved in a drug conspiracy in San Juan and a wholly separate with different conspirators to ship drugs to New York from the Dominican Republic, those trials should not have been joined with one person in one of the conspiracies if they were alleged as two separate conspirators. I'm not challenging you on the point about joinder. I'm asking about the prejudice point, which is in trying to prove out the case of your Why wouldn't it have been evidence that would support the government's case against your client to show how Hernandez was engaged in at the very same time all kinds of similar conduct to bribe various government officials in Puerto Rico? Why wouldn't that be probative of their case against your client? Because it would show what he was likely up to. It's clear what he was up to from the evidence against Ms. Lopez. But the government is not restricted to just accepting that there's no dispute on that point. They can make their case. I'm just saying, isn't it relevant to their case to put in evidence about Hernandez's conduct with respect to these other activities, even if your client isn't charged with those activities, given the time frame in which they It is unfairly prejudicial to insert the extortion of a sewer cleaner, the payment of somebody else's cream bill, the shenanigans at the House of Representatives. It distracts the jury from the findings that it must make against Ms. Lopez. Counsel, at trial, was there a 404B objection as this evidence was coming in? Was there an objection under 404B? No, Your Honor, because it was not... Or 403? Not that I recall, Your Honor. It was addressed as a Ms. Joinder issue. Isn't that part of your prejudice claim that if this evidence had not, if these other counts hadn't been included in the indictment, then you could have objected to evidence of other bad acts under 403 or 404B, but you can't when they're charged in the very indictment with which a client is being tried? Precisely, Your Honor. That's what I wanted to say. But one question about that, for purposes of figuring out whether there's prejudice from the Ms. Joinder, do you have to show that you would have been successful on the 403, 40B challenge? In other words, if we know you'd lose on the 403, 404, how could it be prejudicial on the Ms. Joinder point? Well, I'm not sure I understand the question, but the first thing... You were denied the thrust of Judge Selye's question, which seems right to me. I couldn't object. You were denied the opportunity to bring the 403, but in order for you to actually have been challenged, you would have had to have some merit. Because if you wouldn't, then there wouldn't have been much prejudice in not having the opportunity to bring it. So I guess I have to get back to my question, which is, would you have had a successful 403 challenge if you wanted to exclude all that Hernandez evidence? I believe so, Your Honor, on the grounds that there was no relevance and that any prejudice outweighed the relevance of that information. Plus, it was this poor guy who sat up there and testified for days about how he was extorted for political contributions, how he couldn't get paid unless he supported the party that Hernandez was supporting. The House of Representatives' contracts were blatantly manipulated, and it allowed the jury to think that the same happened with Sally Lopez, even though there was no evidence that those did. Besides, Your Honors, if this indictment is so confusing that the judge and the prosecution have insisted on reading it as alleging one conspiracy, how is the jury supposed to follow an instruction to give separate consideration? How is the jury supposed to figure out whose statements were admissible as to Ms. Lopez? Everything was one ball of wax here, Your Honors, and it was simply impossible for the jury to make a reliable determination about her intent. The evidence was entirely circumstantial and ambivalent, or ambiguous, as to what she understood, given periodic presence, invitations, a friendship. Thank you, Attorney Black. I just want to make sure my colleagues don't have any further questions since we had that little upset at the beginning. No, I'm fine. Okay, you still reserve two minutes. Yes, and may I rest on the brief for the many points? Yes, you may. Thank you. At this time, if Attorney Bacchio will mute her audio and video device, and if Attorney Klumper will please unmute. May it please the court, Thomas Klumper on behalf of the United States. Excuse me, excuse me, I'm sorry. Attorney Bacchio, your camera's still on. Here we go. May it please the court, if I may address quickly the 403 issue, 404B issue, just because you were ending on that note. It's government's position it would have come in if you would think what had happened was Sonia, I mean Sally, would start along. Suppose the district court had concluded that the evidence of the extortion of conduct, given its minimal relevance, and given how prejudicial it would be, should be excluded. We'd review that for abuse of discretion. It's not clear we would overturn the district court's decision on that, so why doesn't that support the idea that it's at least a close enough call that if she was denied the opportunity by the misjointed to make the 403 argument, there was prejudice? Well, Your Honor, you have to also look at what were the instructions given by the court. You have to see what the court did and what instructions it kept giving to the jury, that they had to treat each offense separately, each defendant separately, and take the evidence separately as to each count. And so in this case, the judges went individually over each count. Also, in its jury instructions, went individually over each portion of, for each count, the instruction for each count. So, I mean, in this case, the jury was informed... Since you wanted to treat it separately, what is the theory as to how Joinder was proper then? Because I thought Joinder being proper with it, it was one conspiracy. Well, and that's why I think the court, it was correct in joining it, because like like Judge Selly has indicated, it was more like, almost actually like the Supreme Court case of Blumenthal, where you had at the top of this pyramid an individual that was controlling everything, and it goes down, flowing downward to the people who are selling whiskey and doing things. And then he's not, but he is not a defendant in that trial, and there's no charge in the indictment that charges the single conspiracy. So I'm just puzzled why under 8b it then makes sense. What does the government need if you're going to charge it as separate conspiracies? And you're going to instruct the jury, they have to prove it as separate conspiracies. What is the reason for joining them? Just because you could have charged it as a single conspiracy in order to bring the lead actor who is not at trial. I just don't see the point of that. I think because a lot of the evidence was relevant for all, for all three individuals, actually all four, if you think about it. Not as charged. Pardon? Not as charged. I think as charged, yes. Mr. Klumper, let's start it out this way. When is, when do we have to make a judgment? When did the district court have to make a judgment as to misjoinder? Isn't that made at the time the indictment is filed? That is when Hernandez was still a defendant and had not yet pled? Yes, your honor. And based on the face of the indictment, as alleged, look at the, if you look at the facts that were alleged. I thought the record shows, though, that actually the ruling on the misjoinder motion followed his plea. It was after he pled guilty. That is correct. But in this case, the two of four was charged in the indictment based on the facts of the indictment. And then even after the face, after the evidence was submitted, they did request again at reconsideration. The court determined based on the evidence that its determination was correct, that it was correctly joined in this case. All the facts are relevant. Like how the H.O.U.L.E. case that the court had cited in one of its decisions saying it was all relevant. It would have come in, I think anyway, almost majority of almost all the evidence that Aldean Hernandez testified and even Vargas and everything else testified because it was all relevant to the case. Putting aside the prejudice point, going back to Judge Selye's question. Yes, it's certainly the case that if the motion for misjoinder was made at the time or joinder was made at the time of the indictment and he hadn't yet pled that that would be a relevant time. What is the government's position as to what we're supposed to do if at the time they're ruling on the misjoinder motion he has pled out? I still think the court was correct in this case, because if you look, I mean, what rule 8 states, it does not have to have, rule 8 specifically says, need not be charged in each count or one count. And so it was allowed to look at it and look at how the indictment was written and drafted. And if you look even at the way they had the preface introductory allegations and all that the government was supposed to prove, including between over an act between all the conspiracies that were alleged. The two, let's say, involved. Therefore, it had enough information to make that determination. But I guess a simple question with respect to the people actually charged who are going to trial. What is the overlap between them with respect to the extortion conduct? I think what the court found was in this case, which was correct, that there was an overlap between the defendants and actually one what they were doing. It was to obtain government contracts or to obtain government contracts for Anaudi Hernandez, in which they were part of the system, like in the Blumenthal case with the sale of whiskeys and everything else. It was all one major conspiracy, a pyramid conspiracy, where they were funneling the contracts and everything else to Anaudi Hernandez and his group. And who do we have? We have three convo global involved with all actually all three of the defendants in this case, but it was dealing with. In Blumenthal, the overall conspiracy was charged, correct? That is correct. Well, here it was not. So is there any case in which the overall conspiracy is not charged in the indictment and the only defendants who are going to trial are themselves charged with separate conspiracies in which the conduct in each of those conspiracies is not overlapping? That's what that's what I think I need to hear. I have not found any. And if you want, I will search more and provide a rule 28 letter if you require or if you request it. At this point, I have not found actually anything similar to this type of case. That's why I'm relying on the rule and the case law of Runda and Blumenthal and the way it was written, because you have the way the rule was written that its government positioning was like an overarching or a pyramid conspiracy. And therefore, it could have could have presented this. And if you look at it, our argument is the prejudice. Where is prejudice based in this case? The court did provide specific instructions to treat each individual separately, each count separately and look at the evidence separately as to each defendant in this case. So based on I ask you, counsel, going back to the question of prejudice and the interaction of the rules, you know, rule eight and rule 14, as I understand it, there's also an argument made that the failure to sever was an abuse of discretion because of the prejudice. So that even if the misjoinder argument, defendant's misjoinder argument is not successful, do we not have to examine the rule 14 prejudice argument? I think you would have to. So my understanding of the question is, if we find there is a misjoinder, do we look at rule 14? You know, if we find that if we find that there is not a misjoinder, right? I don't think it's based upon based on based on the face of the indictment. Is there still a rule 14 challenge possible? I still think they could raise the argument of rule 14 anyway. Not only they could raise it, they have raised it. Right. Well, yes, if they had raised it. Therefore, the judge did determine their lack of prejudice in this case based on its determination that on the instructional and the instructions and everything that it provided the party. And if you look at how the way the government presented the evidence and everything else, how they did it in a mannerism to show Orson, Sally, then they showed how it related to Sonia, excuse me, blank on the name, the other and the co-defendants individually bifurcated to make it show a sequence to show how how to treat each individual separately. So on top of that, between the way the case was presented, as well as the evidence as instructional that were provided. Doesn't that just doesn't that demonstrate the 403 problem? I mean, it'd be one thing if Hernandez was in the case because the evidence would be more and more necessary to prove his role. But once he's not in the case, the worry is it's just incredible overkill to show what Hernandez's intent was when the glaring question is, what was her intent in receiving the gifts? And the more you load up on his intent, the more risk there is that it's going to carry over to a mistaken assessment of what her intent was when it doesn't really show her intent. So that just demonstrates the 403 problem, I think. Yeah, but you have to look again at the instructions because based on the instructions, the jury is supposed to follow instructions. And that would offset any prejudice that was alleged by the defendant in this case. But the instruction being so clear. Our 403 precedent has never held that instructions are dispositive. Just because there's instructions saying to do the right thing doesn't mean that you cannot have a rule 403 error. Well, I think that's true, Your Honor. In this case, but you have to look at the fact. That is correct, Your Honor. But you have to look at the fact it's still the government's position. It would have potentially or would have come in as 404B evidence in this case. And because if you look at the co-defendant, Falcone versus the sister, it was all related into what was happening at the time when the sister, Falcone, was extorting the money with the sister and showing she was using her abuse of powers at the Apoductos. And at the same time, she was doing with Hernandez this conspiracy, this scheme to funnel up contracts and everything else. It's all related. That's what the government's position is on this case. Well, that may be the government's position. All right. But I can't imagine that in a trial of Lopez alone that you could, that any judge would let you introduce limitless evidence of Hernandez's corruption. As Judge Barron says, that would be overkill. Well, and that's where, in this case, where we're letting the instructions avoid the issue of prejudice or the instructions assisted with helping the jury determine what to look at versus not. So, Mr. Klumper, what's the rule you want us to write? It doesn't matter how egregious the evidence is that the government produces or how prejudicial its effect, if the district court gives a satisfactory set of instructions, ignore the overkill. Is that the way the law operates in the government's view? No, Your Honor, it doesn't. But, I mean, if you look at it, therefore, I mean, it's also the position that the way the case was presented and everything else, it made it more easier for the jury to make a determination in this case than, let's say, if they had made it easier, the way the government presented it. I was just thinking, isn't there a certain sense to, if the government wants to bring a combined case and the lead figure in the conspiracy is in the case at trial, you're going to have an easier time putting more evidence about his conduct in. If he's not in the trial, then you're going after the more peripheral figures. You're not even trying to prove the case against him, and yet you're loading up on evidence of his conduct to prove what their intention was. That just seems like what 403 would be designed to protect against, as well as Rule 14. Well, I mean, Your Honor, in this case, because a majority of this evidence would have come in and everything related to the political contributions, related to how this scheme started, who he was dealing with, what agencies he was working with, and everything else, that is all related to what this whole conspiracy was in this case. And that's why I think the court came up with a pyramid, and what we argued was a pyramid type of conspiracy, and the reason why Joyner was correct. Any further questions from the bench? Any other? No. No. No. Thank you very much. Appreciate it. Attorney Blackfield, I think you have two minutes. Thank you. The government did precisely rely upon Hernandez's conduct to prove Ms. Lopez's intent, and the rejection of two defense instructions made this an additional prejudicial error. Number one, docket number 716, the defense requested an instruction on bribery, quoting Hernandez, and that's versus Bravo-Hernandez. The district court rejected that, and it also rejected a request for a separate gratuity instruction, and it's instruction, and it's an— The government contends that with respect to the gratuity, the government contends that with respect to the gratuity instruction that you waived an objection to that instructional error? I believe that was where they said it was waived because I didn't cite a case. Your Honor, that objection was raised and re-raised and renewed, both docket 716 and the gratuity instruction. The prosecution's argument, which accepted by the court, was that the prosecution theory was not gratuity. It didn't prosecute a gratuity offense. Therefore, that instruction was irrelevant, and I believe the record reflects that that was preserved, renewed. The one thing, Your Honor, is that the district judge did not allow a moment after the instructions and before releasing the jury for counsel to approach and renew already reiterated instructions. At one point, with regard at least to docket 716, I believe, the defense said we can implore the court to use this instruction. Attorney Black, did you have a question? No, I'm also— I have one question about the sufficiency of the evidence, which I meant to ask in the last round, which obviously if there's merit to that, we don't get to the Rule 14 issues and the prejudice questions about Joinder. With respect to the nexus between the official act, which I take it is the granting of a contract, and the giving of the gifts, what is your understanding of the theory of the In other words, what is the—there was a stream of gifts given, and for what? Your Honor, looking at the evidence in the light most favorable to the government, I think you could say that it was given for favorable consideration in general. Of contracts? Favorable consideration in general. There were no special benefits conferred, no unfair advantage conferred. He was cultivating a relationship with someone that he wanted contracts from. And you say that's the most that you could read it for, and therefore it can't be sufficient. That's correct, Your Honor. And if there was any evidence that any of the contracts that were given to Hernandez were given in an irregular manner, would there then be sufficient evidence to support a nexus? I doubt it, Your Honor. And I say that because if the contract—there has to be some relationship between the gifts and the contracts, some temporal relationship. The gift has to come at a time that the defendant can say, I will do something, or not say, but agree to do something in the future. There were three or four significant gifts. Their timing made it impossible for them to have provoked any of the contracts. And if there was any irregularity, there's a witness who said, oh, I couldn't follow up on this contract. Well, the fact is that contract that she was talking about was one that was between one of Hernandez' companies and the sewer authority using ADL funds. But it was understandable. She had trouble not being able to find signatures or something. But number one, I don't think there were irregularities. There was no unfair advantage. There was no advanced knowledge of gifts. It is true that Hernandez proposed to build an electronic registry system, made all of the investment total risk, and developed a system that apparently functioned perfectly. I don't believe that that shows her corrupt knowledge. And I don't think that any of them show that she corruptly agreed to grant him a contract. It vastly overrates her powers. Thank you.